```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
```

UNITED STATES OF AMERICA        )
                                )
     v.                         )         1:13CR332-1
                                )
DONALD MICHAEL CLARK, JR.       )

## MEMORANDUM OPINION AND ORDER

This case comes before the Court on the defendant's Motion for Release (Docket Entry 15). (See Docket Entry dated Feb. 19, 2014.) For the reasons that follow, the Court denies that Motion.

### BACKGROUND

A federal grand jury for this district indicted the defendant for possessing a firearm as a felon in violation of 18 U.S.C. § 922(g)(1). (Docket Entry 1.) The case thereafter came before the Court for a hearing on an oral motion for detention by the United States, pursuant to 18 U.S.C. § 3142(f)(1)(E). (See Docket Entry dated Sept. 9, 2013.) After that hearing, the Court (per the undersigned United States Magistrate Judge) ordered the defendant's detention because clear and convincing evidence established that no available release conditions would reasonably assure the safety of the community. (See id.; Docket Entry 10.) Subsequently, the defendant pleaded guilty as charged, whereupon the Court (per United States District Judge Catherine C. Eagles) found a factual basis and set a sentencing date. (See Docket Entry dated Nov. 7, 2013; see also Docket Entries 11 (Factual Basis), 14 (Plea

Agreement).) The defendant thereafter filed the instant Motion. (See Docket Entry 15.)

DISCUSSION

Via his instant Motion, the defendant "prays for an order that he be released from custody, pending the sentencing hearing in this matter, under such conditions as the [C]ourt deems proper." (Id. at 2-3.) As factual support for that request, the instant Motion cites the following:

1) "[the defendant's] father suffers from metastatic colon cancer . . . [and his] mother is in need of [his] assistance in caring for his father prior to his beginning to serve the sentence he is likely to receive" (id. at 1);[1]

2) "[the defendant] does not know whether his father will be alive upon the completion of his sentence and would like to assist his mother in caring for his father prior to beginning his sentence" (id. at 2); and

3) "[the defendant] would reside with his parents . . . in the third party custody of his mother" (id.).

The defendant's instant Motion, however, does not identify the legal authority under which he seeks release pending sentencing. (See id. at 1-3.) Nor has independent research identified any lawful basis for release. First, because the defendant has pleaded guilty, he no longer retains a right to reopen his detention

---

[1] The defendant attached to his instant Motion documentation of his father's illness. (Docket Entry 15-1.)

hearing.  See 18 U.S.C. § 3142(f) (limiting option for reopening detention hearing, inter alia, to "time before trial").  Second, now that the defendant has pleaded guilty and awaits sentencing, the Court could not release him "unless [it] finds by clear and convincing evidence that [he] is not likely to flee or pose a danger to the safety of any other person or the community if released . . . ."  18 U.S.C. § 3143(a)(1).[2]  Moreover, "[t]he burden of establishing that the defendant will not flee or pose a danger to any other person or to the community rests with the defendant."  Fed. R. Crim. P. 46(c).

In his instant Motion, the defendant asserts in conclusory fashion that he "does not pose a risk of flight or danger to the community."  (Docket Entry 15 at 2.)  The Court, however, previously determined otherwise.  (See Docket Entry 10 at 5-6.) Specifically, before the defendant's entry of a guilty plea (at a juncture when the United States held the burden of persuasion), the Court concluded that the record established by clear and convincing evidence that the defendant posed a risk of danger to the community

---

[2] This standard does not apply to a defendant "for whom the applicable guideline promulgated pursuant to 28 U.S.C. 994 does not recommend a term of imprisonment," 18 U.S.C. § 3143(a)(1); the defendant's instant Motion, however, neither claims that he faces a non-custodial guideline range (see Docket Entry 15), nor likely could do so, given that a minimum base offense level of 14 applies to possession of a firearm by a felon offenses, see U.S.S.G. § 2K2.1(a)(6)(A), which, even if reduced by two levels for acceptance of responsibility, see U.S.S.G. § 3E1.1(a), would result in an adjusted offense level of 12, which, even at Criminal History Category I, would produce a Zone C guideline range of 10-16 months, see U.S.S.G. Sentencing Table, which would call for at least five months of active prison time, see U.S.S.G. § 5C1.1(d).

insufficiently addressed by available release conditions, including home incarceration with electronic monitoring and a third-party custodian.  (See id.)  Nothing in the instant Motion alters that conclusion or, more importantly, given the legal standard now applicable, would establish by clear and convincing evidence that the defendant does not pose a danger to the community.

To the extent the defendant intended to seek relief via the "exceptional reasons" language of 18 U.S.C. § 3145(c), "that section does not apply to [him].  It relates only to 'a person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1).'"  United States v. Jones, 939 F. Supp. 2d 6, 10 (D.D.C. 2013) (quoting 18 U.S.C. § 3145(c)) (emphasis added).  Because the defendant does not meet those criteria, he cannot obtain release under Section 3145(c).

Paragraphs (1) and (2) of Section 3143(b) concern "sentenced" defendants who have "filed an appeal or a petition for a writ of certiorari," 18 U.S.C. § 3143(b)(1) & (2), and thus the defendant (who has pleaded guilty, but has not yet received a sentence) qualifies as neither "a person subject to detention pursuant to" Section 3143(b)(2), 18 U.S.C. § 3145(c), nor one "who meets the conditions of release of" Section 3143(b)(1), 18 U.S.C. § 3145(c). Further, even if Section 3143(a)(2), which pertains only to defendants "found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section

3142," 18 U.S.C. § 3143(a)(2), applied in this case (which seems doubtful),[3] the defendant (for reasons set forth above) does not

---

[3] Section 3142(f)(1)(B) applies only to "an offense for which the maximum sentence is life imprisonment or death," 18 U.S.C. § 3142(f)(1)(B), and the defendant's instant offense (18 U.S.C. § 922(g)(1)) carries only a 10-year maximum prison term, see 18 U.S.C. § 924(a)(2). Section 3142(f)(1)(C) applies only to certain drug offenses, 18 U.S.C. § 3142(f)(1)(C), and thus not to the defendant's instant firearm offense, see 18 U.S.C. § 922(g)(1). That leaves Section 3142(f)(1)(A) as the only possible option for bringing the defendant within the reach of Section 3143(a)(2). As noted above, the defendant pleaded guilty to possession of a firearm as a felon in violation of 18 U.S.C. § 922(g)(1) and, therefore, the statute-specific offenses in Section 3142(f)(1)(A) (i.e., "violation of section 1591 [and] an offense listed in section 2332b(g)(5)(B)") do not apply. See 18 U.S.C. §§ 1591, 2332b(g)(5)(B). The applicability of Section 3143(a)(2) here thus comes down to whether a violation of Section 922(g)(1) constitutes a "crime of violence" under Section 3142(f)(1)(A), which the pertinent section of the Bail Reform Act defines as:

> (A) an offense that has as an element of the offense the use, attempted use, or threatened use of physical force against the person or property of another;
>
> (B) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense; or
>
> (C) any felony under chapter 109A [18 U.S.C. §§ 2241 et seq.], 110 [18 U.S.C. §§ 2251 et seq.], or 117 [18 U.S.C. §§ 2421 et seq.]

18 U.S.C. § 3156(a)(4). "Subpart C is irrelevant here [because Section 922(g) does not fall within any of the cited chapters], as is subpart A because . . . use of a firearm is not an element of [Section] 922(g), which encompasses mere possession." United States v. Singleton, 182 F.3d 7, 10 (D.C. Cir. 1999). Only Subpart B therefore remains and, as to it, the question becomes "whether the 'nature' of an offense under § 922(g) is such that a 'substantial risk' of violence arises 'in the course of committing the offense.'" Id. It does not appear that the Fourth Circuit has addressed this precise issue in this specific context, but "[m]any other circuit courts have provided thoughtful discussions on the nature of the felon-in-possession offense and the substantiality of
(continued...)

-5-

"meet[] the conditions of release set forth in section 3143(a)(1),"
18 U.S.C. § 3145(c). See Jones, 939 F. Supp. 2d at 10 ("[Sections] 3143(a)(1) and (b)(1) only permit release if the court finds by clear and convincing evidence that the defendant does not pose a danger to the safety of the community. This [c]ourt finds, as it has consistently done in the past, that [the] defendant cannot satisfy this burden.").

## CONCLUSION

The defendant has not shown any lawful basis for the relief he requests.[4]

**IT IS THEREFORE ORDERED** that the defendant's Motion for Release (Docket Entry 15) is **DENIED**.

                              /s/ L. Patrick Auld
                                  **L. Patrick Auld**
                          **United States Magistrate Judge**

February 25, 2014

---

[3](...continued)
the risk. The majority of these courts have determined that a § 922(g)(1) offense does not satisfy these elements." United States v. Ingle, 454 F.3d 1082, 1085-86 (10th Cir. 2006). Moreover, in another context, the Fourth Circuit held that the phrase "otherwise involves conduct that presents a serious potential risk of physical injury to another" generally does not encompass Section 922(g)(1) offenses. See United States v. Johnson, 953 F.2d 110, 112-15 (4th Cir. 1991). It thus seems highly unlikely that, in this Circuit, Section 922(g)(1) would qualify as a "crime of violence" under Section 3156(a)(4).

[4] In reaching that conclusion, the Court does not disregard the defendant's understandable desire, in his words, "to assist his mother in caring for his father prior to beginning his sentence" (Docket Entry 15 at 2). However, "[t]he law [i]s clear – and the Court is obligated to faithfully apply the law." Taylor v. Collins, 574 F. Supp. 1554, 1562 (E.D. Mich. 1983).