IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | 1:13CR332-1 |
| | ) | |
| | ) | |
| DONALD MICHAEL CLARK, JR. | ) | |

**MEMORANDUM ORDER**

This matter is before the Court on Defendant Donald Michael Clark, Jr.'s pro

se Motion to Appoint Counsel [Doc. #45] and pro se Time Sensitive Motion for

Compassionate Release [Doc. #46].  Clark requests appointment of counsel "due

to the complex nature of this case, and factors that surround it."  The primary

bases for his compassionate release motion are the Bureau of Prison's computation

of his sentence and the risks posed by COVID-19.  For the reasons explained

below, both motions are denied.

As an initial matter, the Sixth Amendment right to counsel does not extend

beyond the first appeal of right. Pennsylvania v. Finley, 481 U.S. 551, 555

(1987).  In exceptional circumstances, due process may require appointment of

counsel in certain postconviction proceedings, but Clark's instant motion is not

among those. See United States v. Legree, 205 F.3d 724, 730 (4th Cir. 2000)

(denying appointment of counsel for § 3582(c) motion to reduce sentence). Cf. 18

U.S.C. § 3006A(a)(2)(B) (authorizing the court to provide counsel to a financially

eligible person seeking relief under 28 U.S.C. §§ 2241, 2254, or 2255 when "the

interests of justice so require").  Accordingly, his request for appointment of

counsel is denied.

On April 15, 2021, Clark was sentenced to 21 months' imprisonment, to run

consecutive to his state sentence, for violating the terms and conditions of his

supervised release.  "The court may not modify a term of imprisonment once it has

been imposed except", as is relevant here, "upon motion of the defendant after the

defendant has fully exhausted all administrative rights to appeal a failure of the

Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30

days from the receipt of such a request by the warden of the defendant's facility,

whichever is earlier". 18 U.S.C. § 3582(c)(1)(A).  This threshold requirement is

non-jurisdictional and, therefore, may be waived or forfeited. United States v.

Muhammad, 16 F.4th 126, 130 (4th 2021).  The Government has not been asked

to respond to this motion, nor has the Government otherwise challenged its

propriety.  Thus, its merits are addressed.[1]

Clark must meet his burden of showing that an extraordinary and compelling

reason warrants relief, 18 U.S.C. § 3582(c)(1)(A)(i), and this he has not done. See

United States v. McCoy, 981 F.3d 271, 284 (4th Cir. 2020) (finding "no

'applicable' policy statement governing compassionate-release motions filed by

defendants under the recently amended § 3582(c)(1)(A)," "empower[ing]" courts

"to consider any extraordinary and compelling reason for release that a defendant

---

[1] Nevertheless, Clark appears to have complied with the threshold requirement.

might raise") (citation omitted); U.S. Sentencing Guideline § 1B1.13, Application

n.1 (providing circumstances found to be extraordinary and compelling) cited in

McCoy, 981 F.3d at 282 n.7 (noting that § 1B1.13 "remains helpful guidance

even when motions are filed by defendants").

First, Clark contends that the Bureau of Prisons ("BOP") has erred in its

computation of his good time credit.  According to Clark, he "is serving a unified

sentence" to which "his good time calculation" applies.  He believes that the First

Step Act's directive as to good time credit (fifty-four days of good time credit per

year instead of the previous forty-seven days) applies to his prior fifty-five-month

sentence.  Even if Clark is correct, this is not an extraordinary and compelling

reason for relief.[2]  Cf. McCoy, 981 F.3d at 285 (describing the "First Step Act's

clarification of § 924(c)" as "result[ing] in not just any sentencing change, but an

exceptionally dramatic one").

Next, Clark claims to face a high risk from COVID-19 because of his

diabetes, obesity, and chronic care.  The medical records he submitted show that

Clark is diabetic and overweight, both of which can increase his risk for severe

illness from COVID-19, Centers for Disease Control and Prevention ("CDC"),

COVID-19, People with Certain Medical Conditions,

https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-

---

[2] Clark also takes issue with the BOP's classification of his convictions as "violent"
when the warden denied his request for home confinement.  Even if the BOP had
misclassified Clark's criminal conduct, he has presented no argument or evidence
of why that would be an extraordinary and compelling reason for relief.

3

medical-conditions.html (updated Feb. 25, 2022). The Unit Manager also noted in

Clark's assessment for home confinement that he has a history of smoking, which

can also increase the risk of severe illness, id.

Presently, it appears as though FCI Loretto (where Clark is housed) is

managing the spread of COVID-19 more successfully than it has in the past. As of

March 28, 2022, the facility reported no inmates or staff currently positive for

COVID-19. BOP, COVID-19, Coronavirus, https://www.bop.gov/coronavirus/.

Clark claims that the facility is administering "very few tests" and that the reported

numbers of inmates and staff positive for COVID-19 would be higher were there

"universal testing of inmates and staff." The BOP reports that it "tests inmates in

accordance with CDC guidance", and Clark has presented no evidence to the

contrary or in support of his conclusory allegations.

Furthermore, the facility's present COVID-19 figures are likely a result, at

least in part, of its vaccination efforts. As of March 28, 2022, FCI Loretto

reported that 183 staff members and 838 inmates are fully vaccinated, and the

BOP has offered inmates "booster shots in accordance with CDC guidance." Id.;

see also BOP, FCI Loretto, https://www.bop.gov/locations/institutions/lor/ (noting

766 inmates housed at the facility[3]). According to Clark's Unit Manager, he is

among those fully vaccinated inmates, and his medical records show that he

---

[3] There is a discrepancy between the reported number of inmates fully vaccinated (838) and the number of inmates housed (766) at the facility, but it is nevertheless evident that a significant number, if not all, of the inmates there are fully vaccinated.

received a booster shot in November 2021.  The CDC continues to report that vaccines are protecting against hospitalizations and death. See, e.g., CDC, COVID Data Tracker, https://covid.cdc.gov/covid-data-tracker/#covidnet-hospitalizations-vaccination (Mar. 24, 2022) ("In February [2022], compared to fully vaccinated persons . . . the monthly rates of COVID-19-associated hospitalizations were: 5x higher in unvaccinated adults ages 18 years and older".); Tenforde M.W., Self W.H., Gaglani M., et al., Effectiveness of mRNA Vaccination in Preventing COVID-19-Associated Invasive Mechanical Ventilation and Death – United States, March 2021—January 2022, Morbidity & Mortality Weekly Report, Mar. 25, 2022, 71:459-465, available at  https://www.cdc.gov/mmwr/ ("reinforc[ing] the highly protective effects of up-to-date COVID-19 vaccination against severe illness and death among adults, including against current SARS-CoV-2 variants").  Thus, at present, COVID-19 does not present an extraordinary and compelling reason for Clark.

To his credit, he is "a low security level", has completed several programs while at FCI Loretto, and has earned a Silver level ACT WorkKeys National Career Readiness Certificate which "is an assessment-based credential of widely applicable foundational employability skills" including math, graphic literacy, and workplace documents.[4]  These are important efforts, especially in light of the BOP's classification of Clark as a "medium risk" for recidivism and his history of

---

[4] Clark earned his GED in 2014.

unlawfully possessing firearms.  However, neither these efforts, nor the other

bases Clark advances, are extraordinary and compelling reasons, even considered

in totality, for relief.[5]

For the reasons stated in this Memorandum, IT IS HEREBY ORDERED that

Defendant Donald Michael Clark, Jr.'s pro se Motion to Appoint Counsel [Doc.

#45] and pro se Time Sensitive Motion for Compassionate Release [Doc. #46] are

DENIED.

This the 29th day of March, 2022.

/s/ N. Carlton Tilley, Jr.
Senior United States District Judge

---

[5] Therefore, it is not necessary to assess the factors from 18 U.S.C. § 3553(a).

Case 1:13-cr-00332-NCT   Document 48   Filed 03/29/22   Page 6 of 6